UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THEODIS BROWN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:81-CV-1279 CAS |
| ) | |
| ST. LOUIS POLICE DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on plaintiff's motions for recusal. Plaintiff asks the Court to recuse itself from this matter because of alleged "ties with city Police Board defendants." Plaintiff offers no other basis for showing that the Court has failed to treat his case with impartiality.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); see Moran v. Clarke, 296 F.3d 638, 648 (8th Cir. 2002). When a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" he must recuse himself. 28 U.S.C. § 455(b)(1). "This restriction is intended to 'promote public confidence in the integrity of the judicial process.'" Moran, 296 F.3d at 648 (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 859-60 (1988)). "Whether a judge actually has a bias, or actually knows of grounds requiring recusal is irrelevant–section 455(a) sets an objective standard that does not require scienter." Id. (citations omitted). The Eighth Circuit has framed "the issue as 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case.'" Id. (quoting In re Kansas Pub. Employees Retirement Sys., 85 F.3d 1353,

1358 (8th Cir. 1996)).  However, "An unfavorable judicial ruling . . . does not raise an inference of bias or require the trial judge's recusal.'"  Harris v. Missouri, 960 F.2d 738, 740 (8th Cir. 1992).

"Absent a factual showing of a reasonable basis for questioning his or her impartiality, or allegations of facts establishing other disqualifying circumstances, a judge should participate in cases assigned.  Conclusory statements are of no effect.  Nor are [a party's] unsupported beliefs and assumptions.  Frivolous and improperly based suggestions that a judge recuse should be firmly declined."  Maier v. Orr, 758 F.2d 1578, 1583 (9th Cir. 1985).

Plaintiff's motions for recusal are frivolous.  The Court does not have any bias for or against any party in this action.  Plaintiff alleges bias based on the undersigned's supposed "ties with city Police Board defendants," and the recusal motions refer to Moran v. Clarke, No. 4:98-CV-556 (E.D. Mo.), formerly assigned to the undersigned, in which the Police Board defendants were Anne-Marie Clarke, Robert Haar, Wayman F. Smith, III, Jeffery Jamison and Clarence Harmon.  The Police Board defendants in plaintiff's case, filed in 1981, were Homer E. Sayad, Charles E. Valier, Thomas W. Purcell, Robert F. Wintersmith and Vincent C. Schoemehl.  Plaintiff's allegations regarding the Court's bias are conclusory and are not supported by any facts.  As a result, the motions will be denied.

Additionally, the Court will not allow plaintiff to continue filing documents in this closed case because there is no possibility that this action will be reopened, and plaintiff's filings waste valuable judicial resources.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for recusal are **DENIED**.  [Docs. 5, 6]

**IT IS FURTHER ORDERED** that the Clerk shall not accept for filing any further documents in this closed case, unless such documents pertain to an appeal.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   22nd   day of October, 2013.